RECEIVED - USDC -NH
2026 OCT 29 PM2:07

IN THE FEDERAL DISTRICT COURT

FOR THE STATE OF NEW HAMPSHIRE

BROK-ALAN WOODWARD-GRIFFITH,

Plaintiff,

vs.

STATE OF NEW HAMPSHIRE, ET AL

Defendants

Case No.: **1:26-CV-00924-SM-AJ**
Hon. Steven J. McAuliffe, Presiding
Hon. Andrea K. Johnstone, Magistrate

**PLAINTIFF'S ASSENTED-TO SECOND EMERGENCY *EX PARTE* MOTION FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER WITHOUT NOTICE**

Pursuant to Fed. R. Civ. Proc. 65(b), **forced *pro se***[1] Plaintiff Brok-Alan Woodward-Griffith ("Griffith") hereby respectfully renews and supplements his prior motion to this Honorable Court for ***emergency*** issuance of an assented-to temporary restraining order without notice ***on an urgent and immediate*** **threat of irreparable harm and violation to Griffith's rights.** Absent this Honorable Court entering this temporary restraining order against these Defendants, Griffith will suffer irreparable harm to which there is no adequate remedy at law. Grifith states in support as follows.

**FACTS IN SUPPORT**

1. The instant action, filed October 26th, 2026, requests emergency injunctive and other equitable relief for past, ongoing, and future breaches to Griffith's, and the New Hampshire Public's, constitutional and contractual rights. See generally *Complaint*. (ECF. 1)

[1] "Forced *pro se*" reflects Plaintiff's involuntary status due to fraud, obstruction, unlawful and/or other improper conduct, that substantially impaired and/or prevented Plaintiff's access to unconflicted legal counsel, and/or was part of a deliberate strategy to deprive and/or obstruct Plaintiff's rights – including the obtainment of an injunction through fraud upon the court and perjury.

2. On October 26th, 2026, Griffith moved for emergency *ex parte* temporary injunctive relief, and/or temporary restraining order without notice, under the real threat of immediate, irreparable, and irreversible harm, pursuant to Federal Rules of Civil Procedure Rule 65(b). See ECF. 2. At time of filing, relief has not yet been issued.
3. During this period, on October 27th, 2026, Plaintiff effectuated service and requested waiver from the Defendants. See ECF 7.[2]
4. On October 27th, 2026, Counsel for the Judicial Branch Defendants, Jess King Esq. ("King"), represented to Griffith that she would seek the necessary waivers, and believed "she would have no problem obtaining them." However, on October 28th, 2026 Ms. King emailed Griffith and stated she was having difficulty getting Defendants to agree to waiver, and that she needed "time to do so."
5. Also on October 28th, 2026, Defendants, including but not limited to Countway, Gould, Will, and Donovan, ***took precisely the adverse action that Griffith complained and feared in his verified and sworn-to complaint***. See ECF 1, *Complaint*, ¶ 90.
6. Despite Appeal No. 2026-0683 being filed a Rule 7 Mandatory appeal, being unambiguously filed according to the rules and law, and addressing, *inter alia*, a ***full*** summary judgement motion[3] - the Defendants ordered, on October 28th, 2026, that the parties shall "submit a brief memorandum" to established whether the trial court conclusively granting a summary judgement ***in full*** as to liability and damages constitutes a "final decision on the merits" or whether such appeal should be "interlocutory."

---

[2] Completion of service under F.R.C.P. Rule 4 occurred on October 27th, 2026 – there is a second filing pending docket markings.

[3] Meaning – the trial court has granted a summary judgement motion **in full** – conclusively settling liability and damages. from Case No. 216-2023-CV-000220 – the CV-220 Litigation,

7. ***No party to Appeal No. 2026-0683 has opposed or otherwise suggested the appeal is an improper interlocutory appeal. This action was taken sua sponte by Defendants.***
8. It is beyond peradventure that a summary judgement motion being fully resolved, as to liability and damages, is very obviously a final decision on the merits – even to a layperson, and this **forced** ***pro se***.
9. The Notice of Appeal, filed on October 14th, 2026, unambiguously demonstrates that this is an appeal of a full summary judgement order – issuing determination of both liability and damages. The Notice of Appeal is attached as **Exhibit 1**.
10. The Notice of Appeal questions (**Exhibit 1**, pg. 3), convey that this is a proper mandatory appeal which "shall be accepted for review on the merits." See N.H. Supreme Ct. Rule 3, "Mandatory Appeal." Likewise, the broad nature of the questions do not constitute a defect precluding acceptance according to New Hampshire common law. See Town of Barrington v. Townsend, 164 N.H. 241, 245 (2012) (question in notice of appeal asking whether court erred in ruling insurer obligated to provide coverage, "[a]lthough ... far from the model of specificity we would prefer to encounter," included subsidiary question of whether court erred in failing to find mutual mistake warranting rescission of insurance contract).
11. Additionally, Defendants, at least Donovan, Hicks, Basset, and Hantz-Marconi, established in Walker v. Day, 173 N.H. 211, 212-213 (2020) that a summary judgement order granting full summary judgement (as to liability and damages) constituted a Rule 7 Mandatory Appeal which "was required to be accepted."
12. Defendants, at least Hicks, Donovan, and Hantz-Marconi specifically established that review as to "untimeliness" or other procedural defects are addressed through briefs, ***after*** an acceptance order. See In re Robert T. Keeler Maintenance Fund for Hanover Country Club at

Dartmouth College, 176 N.H. 87, 96 (2023) ("Here, the parties addressed in their briefs the dismissal of this appeal on the basis of its untimeliness. I find no exception to the rule that this appeal is untimely. Simply because the case is initially accepted, does not prevent further procedural scrutiny of compliance with our rules. Were the acceptance of an untimely appeal to result in a reversal of the trial court's decision, the appellant would receive a benefit when, arguably, appellate jurisdiction was not conferred. I would, therefore, dismiss the appeal as untimely.")

13. The full summary judgement orders were unambiguously attached to the Notice of Appeal. See **Exhibit 1**, pg. 4 *et seq*.
14. At all times relevant, Defendants knew and or should have known this was an appeal which was "required to be accepted."
15. At all times relevant, Defendants knew and or should have known that a summary judgement determining liability and damages constitutes a "final decision on the merits."
16. At all times relevant, Defendants knew that that is was objectively unreasonable to discretionarily require Griffith, a **forced *pro se***, to brief the issue of whether a full summary judgement order "is an interlocutory appeal."
17. At all times relevant, Defendants knew or should have known of Walker v. Day and In Re Walker Robert T. Keeler, *supra*.
18. At all times relevant, Defendants, at least Hicks, Basset, Donovan, and Hantz-Marconi, ***wrote*** the opinions in Walker v. Day and In Re Walker Robert T. Keeler, *supra*.
19. Upon information and belief, Defendants, at least Donovan, Gould, Will, and Countway, ordered the Supreme Court Clerk to issue the October 28th, 2026 order, attached as **Exhibit 2**.

20. Upon information and belief, Defendants, at least Donovan, Gould, Will, and Countway, quickly instructed the order in **<u>Exhibit 2</u>** to be issued, to exert improper pressure and to retaliate against Griffith for filing this action, in vindication of his, and the New Hampshire Public's, rights.

21. Griffith sought assent from Jess King, Esq., counsel for the Defendants, on the relief requested herein. Ms. King advised there was assent to the relief sought.

22. This instant motion followed.

## <u>RULE 65(b) LEGAL STANDARD</u>

23. Pursuant to Fed. R. Civ. Proc. 65(b)(1), this Honorable Court has the authority to issue a temporary restraining order, without notice, if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

24. "Compliance with Rule 65(b)(1) is strictly required for a TRO to issue ex parte, because the Rule provides minimum due process for enjoining a party without notice." <u>Garcia v. Cellco Partnership</u>, 2026 WL 842269 (1st Circ. 2026). To demonstrate irreparable harm under Rule 65(b)(1)(a), a party must show "that monetary damages would be insufficient to compensate him." *Id.* Likewise, "A temporary restraining order 'is a provisional remedy imposed to maintain the status quo until a full review of the facts and legal arguments is available." <u>Chesler v. Chesler</u>, 2025 WL 815672 (D.N.H., 2025). "In evaluating a motion for a TRO, the court considers the same four factors that apply to a motion for a preliminary injunction." *Id.*

25. Griffith respectfully draws the Court's attention to <u>Mahmoud v. McKnight</u>, recently out of the 4th Circuit, which enjoys significant overlap with the claims presented herein.

Specifically, the Defendants' discretionary actions are at least unlikely to withstand strict scrutiny, or rational basis review – including the actions taken on October 28th, 2026, alleged above – and therefore Griffith has demonstrated a chance of success on the merits by the verified *Complaint* (ECF 1). See *Id.* at 102 F.4th 191, 226-227 (2024). Also, "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Id.* at 228. Further, "upholding constitutional rights serves the public interest." *Id.* at. Balance of equities favors relief, if the relief sought is of "limited nature…" *Id.*

**RULE 65(b) COMPLIANCE STATEMENT**

26. **Rule 65(b)(1)(A)**: for the facts and allegations in the verified *Complaint* (ECF 1), Griffith's attached affidavit, prior motion (ECF 2) (which are fully incorporated by reference herein), and this instant motion, the applicable standard has been met. The status quo has been disturbed since filing of this action, and the Defendants took such acts after being unambiguously notified of this complaint on October 27th, 2026. Moreover, the November 12th, 2026 briefing deadline (**Exhibit 2**) exerts an improper pressure upon Plaintiff, and given the well-established caselaw and rules, constitutes an objectively unreasonable action by the Defendants, and at least a deprivation of 1st Amendment rights. Entering a temporary restraining order to preserve the status quo is necessary to prevent further improper pressure, and to prevent irreparable harm to Griffith's 1st Amendment rights. Were the Court to permit briefing to go forward (**Exhibit 2**), the Defendants demonstrated and alleged custom, practice, and pattern of permitting attorneys to abuse the "offer of proof" standard, and to lie to the court, would therefore result Appeal No. 2026-0683 to be "dismissed without prejudice

as an interlocutory appeal" – or worse, total extinguishment of Griffith's 1st and 14th Amendment rights. See *Verif. Complaint*, ECF 2, ¶¶ 26 – 47, 76 – 90, 111-115, 190 – 225.

27. **Rule 65(b)(1)(B)**: Reasonable efforts have been made to contact Defendants through counsel, Jess King Esq. ("King"), to request a cease and desist and/or assent. Ms. King represented that there was assent to the relief sought. See *Griffith Decl.*, attached. Moreover, Ms. King has represented to Griffith an apparent difficulty in encouraging Defendants to honor their duty to waive service in accordance with Fed. R. Civ. Proc. 4, and therefore, Griffith may have to expend time and resources to request formal service of process through the martial service, or otherwise. Furthermore, Ms. King has represented her belief that service of process that Griffith has completed is non-compliant with Fed. R. Civ. Proc. 4, although Griffith disputes this contention. This weighs heavily in favor granting this limited relief.

28. Under the applicable standard of the 1st Circuit, Griffith respectfully states he has met his burden, and requests ***urgent*** and ***immediate*** temporary and limited relief, without notice, in accordance with the prayer below.

## PRAYER FOR RELIEF

**WHEREFORE**, without prejudice and without waiving any rights, Plaintiff humbly and respectfully requests that this Honorable Court:

a. Issue an immediate *ex parte* temporary restraining order, restraining Defendants Donovan, Gould, Countway and Will from all actions taken in an official capacity in matters where Griffith is concerned, including but not limited to Appeals No. 2026-0683 and 2025-0632;

b. Order that Appeal No. 2026-0683 to immediately be placed on stay by the acting Chief Justice of the New Hampshire Supreme Court, Donovan;

c. Set a hearing for preliminary injunctive relief, pursuant to Fed. Rul. Civ. Proc. 65(b)(3);

d. Any such other and further relief as this Honorable Court deems just, necessary, equitable, and proper.

Respectfully submitted,
Dated this 29h of October, 2026.



Brok-Alan Woodward-Griffith, *pro se*
471 Silver Street, #105
Manchester, NH, 03103
brokgrf@gmail.com
Ph: 603.325.0749

**FACTUAL AVERMENT**
I hereby make oath and swear that the facts and allegations contained herein are true and accurate to the best of my knowledge, belief, and ability, without waiving the right to amend same as facts and circumstances so dictate. Further affiant sayeth naught.
**/s/Brok-Alan Woodward-Griffith**