**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| BROK-ALAN WOODWARD-GRIFFITH,<br><br>Plaintiff,<br>v.<br><br>STATE OF NEW HAMPSHIRE *et al.*,<br><br>Defendants. | Case No.: 26-cv-00924-SM-AJ |

**JOINT MOTION TO EXTEND TIME**
**TO FILE ANSWER OR MOTION TO DISMISS**

NOW COME the Defendants, the New Hampshire Supreme Court, the Honorable Melissa Countway, the Honorable Patrick J. Donovan, the Honorable Bryan K. Gould, the Honorable Daniel E. Will (collectively, the "Judicial Defendants"), the Honorable James P. Bassett, the Honorable Gary E. Hicks, and the Honorable Gordon J. MacDonald (collectively, the "Former Justice Defendants"), by and through their respective undersigned counsel, and pursuant to LR 7.2(a), hereby request this Court for an extension of time to file their Answers or Motions to Dismiss by sixty days, up to and including January 16, 2027, and in support thereof, state as follows:

1. The Plaintiff, Brok-Alan Woodward-Griffith, commenced this action on October 26, 2026 against the Judicial Defendants and Former Justice Defendants.[1]

2. Plaintiff never attempted to request that any Judicial Defendant or Former Justice Defendant waive service in accordance with Fed. R. Civ. P. 4(d)(1).

[1] Although Plaintiff names the "State of New Hampshire" as a defendant in this case, its inclusion as a party is duplicative because a suit against the officers of the State is, in effect, a suit against the State itself. *Cf. St. Regis Paper Co. v. N.H. Water Res. Bd.*, 92 N.H. 164, 167 (1942) (noting that "the relation between the State and the [State Water Resources] Board is not one of principal and agent, but the Board is an agency which is a part of the State government"). As such, the Judicial Defendants and Former Justice Defendants (and the Honorable Anna Barbara Hantz-Marconi) are the only true defendants in this case.

3. Instead, as indicated by his returns of service that were filed with this Court on October 27, 2026 (Doc. No. 7) and October 29, 2026 (Doc. No. 9), Plaintiff attempted to effect service by hand delivering a copy of the Summons and Complaint to each Judicial Defendant and Former Justice Defendant himself.

4. The Judicial Defendants and Former Justice Defendants dispute that they have been properly served because Plaintiff is a party to this lawsuit and Fed. R. Civ. P. 4(c)(2) clearly provides that "[a]ny person who is at least 18 years old ***and not a party*** may serve a summons and complaint." (emphasis added). Nevertheless, the Judicial Defendants and Former Justice Defendants agree to waive formal service and plan to respond to the Complaint on its merits, or the lack thereof.

5. Although Plaintiff's purported service is insufficient to trigger the running of the time within which the Judicial Defendants and Former Justice Defendants are to file their response, they now seek an extension of time to file their Answers or Motions to Dismiss. An extension of time is warranted because the undersigned were assigned to this case last week and need additional time to review Plaintiff's lengthy Complaint and prepare a responsive pleading.

6. Furthermore, had Plaintiff followed the directive of Fed. R. Civ. P. 4(d)(1) and requested that the Judicial Defendants and Former Justice Defendants waive formal service, they would have had sixty days from the date the request was sent for the filing of their response to the Complaint. *See* Fed. R. Civ. P. 4(d)(3); Fed. R. Civ. P. 12(a)(1)(A)(ii).

7. In the interests of fairness, and because they have agreed to dispense with the formalities of service notwithstanding Plaintiff's failure to request a waiver of service pursuant to Fed. R. Civ. P. 4(d)(1), the Judicial Defendants and Former Justice Defendants should not be penalized by being afforded less time to respond to the Complaint than they would have received

had Plaintiff complied with the waiver-of-service procedure contemplated by Fed. R. Civ. P. 4(d)(1).

8. Accordingly, the Judicial Defendants and Former Justice Defendants respectfully request this Court for a sixty-day extension of time, up to and including January 16, 2027, to file their Answers or Motions to Dismiss.

9. The extension of time requested herein will not necessitate in the continuance of any hearing, conference, or trial, as no such proceedings are presently scheduled.

10. The undersigned counsel contacted Plaintiff to obtain his assent to the relief requested herein. Plaintiff indicated that he does not assent to the relief sought by way of this Motion.

WHEREFORE, the Judicial Defendants and Former Justice Defendants hereby request that this Court extend the time for the filing of their Answers or Motions to Dismiss by sixty days, up to and including January 16, 2027, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
THE JUDICIAL DEFENDANTS

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

/s/ Mary E. Maloney
Mary E. Maloney, Esq., Bar No. 1603
Assistant Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-3658
mary.e.maloney@doj.nh.gov

Dated: November 17, 2026

Respectfully submitted,
FORMER JUSTICE DEFENDANTS

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

/s/ Duncan A. Edgar
Duncan A. Edgar, Esq., Bar No. 266272
Assistant Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-3658
duncan.a.edgar@doj.nh.gov

Dated: November 17, 2026

**CERTIFICATE OF SERVICE**

I, Mary E. Maloney, hereby certify that on this date, I caused a true copy of the foregoing to be served upon to all parties via CM/ECF.

I further certify that on this date, I caused a true copy of the foregoing to be sent to the Plaintiff, Brok-Alan Woodward-Griffith, by U.S. mail, postage pre-paid, to his address listed below as follows:

Brok-Alan Woodward-Griffith
471 Silver Street, # 105
Manchester, NH 03103

Dated: November 17, 2026

/s/ Mary E. Maloney
Mary E. Maloney, Esq.